IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | )         **8:16CV273** |
| Petitioner, | ) |
| | )         ORDER, |
| v. | )         FINDINGS OF FACT AND |
| | )         RECOMMENDATION, |
| JOSE MIRANDA FUNES, | )         and |
| | )         CERTIFICATION OF FACTS |
| Respondent. | )         FOR CONTEMPT PROCEEDINGS |
| | ) |

This matter is before the Court upon the United States' Petition to Enforce Internal Revenue Service (IRS) Summons (Filing 1) and the United States' request that the matter be forwarded to the assigned district court judge, Senior Judge Joseph F. Bataillon, for civil contempt proceedings. For the reasons set forth below, the Court recommends the petition be granted and that the matter be forwarded to the district court judge for civil contempt proceedings.[1]

**FINDINGS OF FACT**

1. On June 16, 2016, the United States filed a petition to enforce an IRS summons (Filing 1). The IRS summons sought Respondent's testimony and other information in connection with its investigation for the collection of Respondent's tax liability for the calendar years ended December 31, 2009 and December 31, 2012 (Filing 1-1, Ex. A, Summons; Filing 1-2, Ex. B, Declaration of Revenue Officer Eric E. Martin at ¶ 2). The summons requested that Respondent provide current unpaid accounts receivable and roofing contracts for his roofing business (Filing 1, Ex. A).

---

[1] The Court is entering findings of fact and a recommendation because a summons enforcement order is a final dispositive and appealable order, Reisman v. Caplin, 375 U.S. 440, 449 (1964), beyond the authority of a magistrate judge to issue. See United States v. Mueller, 930 F.2d 10, 12 (8th Cir. 1991). The Court is certifying the facts constituting a civil contempt to the district court judge pursuant to 28 U.S.C. § 636(e)(6)(B)(iii).

2.      On June 16, 2016, the Court ordered Respondent to show cause why he should not be compelled to comply with the IRS summons at a hearing on August 4, 2016 (Filing 3).

3.      Despite being served with notice of the show cause hearing (Filing 4), Respondent failed to appear on August 4, 2016, or otherwise show cause why he should not be compelled to comply with the IRS summons (Filing 7).

4.      On August 4, 2016, the Court ordered Respondent to comply with the IRS summons by August 14, 2016 (Filing 7). The Order further provided that should Respondent fail to comply with the summons, he was ordered to appear on September 15, 2016 to show cause why he should not be held in contempt of the Court's earlier order to appear (*Id.*).

5.      At the hearing on September 15, 2016, the government informed the Court (1) Respondent failed to comply with the summons and (2) the government confirmed that the Clerk's Office mailed the August 4, 2016 Order (Filing 7) to Respondent as directed.

6.      Respondent did not appear at the hearing on September 15, 2016 (Filing 8).

## ANALYSIS

A.      Jurisdiction

The United States District Court for the District of Nebraska has jurisdiction over this action pursuant to 26 U.S.C. §§ 7402(b) and 7604(b).

> If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, or other data, the district court of the United States for the district in which such person resides or may be found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, or other data.

26 U.S.C. § 7402(b); *see* § 7604(b)(similar).

The record reflects Respondent's address is in Omaha, Nebraska (Filing 1 at ¶ 3; Filing 1-1, Ex. A). Respondent was personally served a copy of the summons and the petition and order

setting a hearing in this matter (Filing 4). Accordingly, Respondent both resides and may be found in the District of Nebraska.

The Petitioner has the authority to summon individuals pursuant to 26 U.S.C. § 7602(a). "Courts consistently have recognized that IRS officers have the delegated authority to issue administrative summonses." United States v. Crum, 288 F.3d 332, 334 (8th Cir. 2002) (tracing delegation authority through federal regulations from the Secretary of the Treasury to IRS officers) (citing United States v. Arthur Young & Co., 465 U.S. 805, 814 (1984)). IRS Revenue Officer Eric Martin is employed in the Small Business/Self – Employed Division Midwest Compliance Area whose duties include conducting an investigation for the collection of the Respondent's tax liability (Filing 1-2, ¶ 1). Therefore, Revenue Officer Martin has the authority to issue the summons which is the subject of this enforcement action.

The Court has jurisdiction over the Petition and the IRS has the authority to issue summonses to Respondent. The Court also has personal jurisdiction over Respondent who was personally served with all relevant court documents. The Court will evaluate the enforceability of the subject summons below.

B.     IRS Summons Enforcement

Determining whether a summons meets the good faith requirements set forth in United States v. Powell, 379 U.S. 48 (1964), is a prerequisite to judicial enforcement of an IRS summons. The government must show that the summons: (1) is issued for a legitimate purpose; (2) seeks information that may be relevant to that purpose; (3) seeks information that is not already within the IRS's possession; and (4) satisfies all administrative steps required by the Internal Revenue Code. Id. at 57-58; see United States v. Norwest Corp., 116 F.3d 1227, 1233 (8th Cir. 1997). Once the IRS establishes a prima facie case, the burden shifts to the taxpayer to disprove one of

3

these elements; that burden is a heavy one. United States v. LaSalle Nat'l Bank, 437 U.S. 298, 316 (1978); United States v. Norwood, 420 F.3d 888, 892 (8th Cir. 2005). Affidavits accompanying the government's petition to enforce an IRS summons are sufficient to shift the burden to the taxpayer. Id.

The Declaration of IRS Revenue Officer Eric Martin established that the investigation of Respondent is for the purpose of the collection of Respondent's tax liability (Filing 1-2). The testimony and records sought from Respondent, to include accounts receivable and business contracts information, are clearly relevant to this determination. Finally, Revenue Officer Martin states the IRS is not in possession of the requested items and the administrative steps required by the Internal Revenue Code have been followed (Filing 1-2, ¶ 6).

Based on this undisputed information, the Court finds Petitioner has made a prima facie showing and the burden shifts to Respondent to disprove any one of the four elements. In the absence of any response, Respondent failed to sustain his burden. Accordingly, the Court will recommend the petition to enforce IRS summons (Filing 1) be granted.[2] The issue of whether Respondent is to be held in contempt is for determination by the District Court Judge assigned to the case, in connection with which I certify the facts set forth herein for adjudication. Upon consideration,

**IT IS ORDERED:**

1. The Clerk's Office shall send a copy of this Order, Findings of Fact and Recommendation, and Certification of Facts for Contempt Proceedings to the Respondent:

---

[2] Given the instant Findings of Fact and Recommendation, the Court's earlier show cause order (Filing 7) should not be treated as a final dispositive order but rather as the functional equivalent of a proposed order required by 28 U.S.C. § 636(b). See Mueller, 930 F.2d at 12.

Mr. Jose Miranda Funes
3315 Drexel Street
Omaha, NE 68107-3907

**IT IS RECOMMENDED TO THE ASSIGNED DISTRICT COURT JUDGE, SENIOR JUDGE JOSEPH F. BATAILLON, that:**

1. The Order enforcing the summons (Filing 7) be treated as a proposed order and the Petition to Enforce IRS Summons (Filing 1) be granted;

2. The Respondent be directed to appear on Thursday, the 20th day of October, 2016 at 9:00 A.M., at United States District Court for the District of Nebraska, Roman L. Hruska Courthouse, 111 South 18th Plaza, Omaha, Courtroom 3 to give testimony and to bring with him for examination the material identified in the summons or, in the alternative, show cause why he should not be adjudicated in contempt.

## ADMONITION

Pursuant to NECivR 72.2, any objection to these findings and recommendations shall be filed with the Clerk of the Court within 14 days after being served with a copy of the findings and recommendation. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

**DATED: September 19, 2016**.

                                            **BY THE COURT:**

                                            s/ F.A. Gossett, III
                                            **United States Magistrate Judge**